UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNICARE LIFE & HEALTH INSURANCE
COMPANY,

                            Plaintiff,      CIVIL CASE NO. 04-40267

v.

                                                  HONORABLE PAUL V. GADOLA
RITA TACKETT, JEANIE BRAINARD, an      U.S. DISTRICT COURT
individual, and JEANIE BRAINARD, as
conservator of BLAKE J. TACKETT, a minor,

                            Defendants.
_____/

## ORDER GRANTING DEFENDANT JEANNIE BRAINARD'S MOTION FOR SUMMARY JUDGMENT

     This is an interpleader action in which Plaintiff Unicare Life & Health Insurance Company held the proceeds to a life insurance policy, Unicare Group Policy No. GI-17-GCC. Both Defendant Rita Tackett, and Defendant Blake J. Tackett, through his conservator, Jeanie Brainard, claim to be the sole beneficiary of the policy. On November 14, 2005, the Court granted Plaintiff's motion for interpleader and ordered Plaintiff to deposit the disputed funds with the Court, less Plaintiff's costs and resonable attorney's fees. Plaintiff was then dismissed from the lawsuit, conditioned upon the deposit of the funds. Before the Court are Rita and Jeanie's cross motions for summary judgment. For the following reasons, the Court will grant Jeanie's motion and deny Rita's motion.

**I.    Background**

     In 1994, the decedent, Travis Allen Tackett, was employed by Ford Motor Company and the holder of a life insurance policy issued through its employee benefits plan. On July 19, 1994, Travis

designated his mother, Rita, and then-fiancé, Jeannie, as beneficiaries.  Travis and Jeannie married on July 8, 1995, and on August 29, 1997, the union was blessed with a child, Blake John Tackett.  Travis later became employed by Visteon, when the parts supplier separated from Ford Motor Company.

Unfortunately, the marriage ended in divorce.  The Judgment of Divorce, entered on August 24, 2004 by consent, stated under a section entitled "Life Insurance Policies":

> IT IS FURTHER ORDERED AND ADJUDGED that both the Plaintiff and Defendant shall maintain the minor child, BLAKE JOHN TACKETT, as the irrevocable beneficiary on their life insurance policies through their employment, through his 21st birthday or if in college on a full-time basis, through his graduation.

Jeannie's Mot., Ex. 1 at 13.  Under a section entitled "Employment Verification by Payor," the Judgment of Divorce identified Travis's employer as "Visteon, in Saline, Michigan."  *Id.* at 5.  On March 12, 2004, Travis died suddenly from an overdose of prescription medication.  At the time of his death, the last effective beneficiary designation form was the form designating Rita and Jeannie.

**II.      Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992); *60 Ivy St. Corp. v. Alexander*,

822 F.2d 1432, 1435 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

## II. Analysis

Travis's life insurance policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, because it was issued through Travis's employee benefits plan. ERISA preempts state law insofar as it may "relate to" employee benefit plans covered by the statute. 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-48 (1987). ERISA also prohibits the assignment or alienation of pension benefits. 29 U.S.C. § 1056(d)(1). Normally, ERISA's preemption would extend to the designation of beneficiaries, which would render the designation of Blake in the Judgement of Divorce of no effect. *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 129 (6th Cir. 1996). In 1984, however, the Retirement Equity Act amended ERISA to provide an exemption to ERISA's preemption, and its prohibition against assignment and alienation, for qualified domestic relations orders ("QDRO"). 29 U.S.C. §§ 1144(b)(7), 1056(d)(3)(A). ERISA provides the following definition of a QDRO:

> (i)   the term "qualified domestic relations order" means a domestic relations order—
>   (I)   which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, and
>   (II)  with respect to which the requirements of subparagraphs (C) and (D) are met, and
> (ii)  the term "domestic relations order" means any judgment, decree, or order (including approval of a property settlement agreement) which—

3

    (I)  relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and
    (II)  is made pursuant to a State domestic relations law (including a community property law).

29 U.S.C. § 1056(d)(3)(B). ERISA also requires that QDRO's meet certain standards:

  (C)  A domestic relations order meets the requirements of this subparagraph only if such order clearly specifies—
    (i)  the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,
    (ii)  the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined.
    (iii)  the number of payments or period to which such order applies, and
    (iv)  each plan to which such order applies.

29 U.S.C. § 1056(d)(3)(C). In *Metropolitan Life Ins. Co., v. Marsh*, 119 F.3d 415 (6th Cir. 1997), the Sixth Circuit held that "29 U.S.C. § 1144(b)(7) excepts QDROS from ERISA preemption with respect to welfare plans as well as pension plans." *Id.* at 421.

  Rita argues that she is entitled to half the proceeds from the life insurance policy because the Judgment of Divorce fails to meet ERISA's requirements for a QDRO in that it fails to clearly identify the plan to which the order applies. *See* 29 U.S.C. § 1056(d)(3)(C)(iv). In *Marsh*, the Sixth Circuit held that a QDRO, and in particular, a divorce decree, can substantially comply with ERISA's requirements. *Marsh*, 119 F.3d at 422. In that case, "the divorce decree identified the policy as one through Metropolitan Life Insurance Company maintained at [the decedent's] place of employment." *Id.* In finding that the identification was not ambiguous, the Sixth Circuit relied on the Seventh Circuit case of *Metropolitan Life Ins. Co. v. Wheaton*, 42 F.3d 1080 (7th Cir. 1994),

which held:

> The failure to name the plan is a little more troublesome. But the stipulation does specify "the life insurance which is presently carried through his/her employer," and this designation permits the identification of the plans to which the decree applies without significant ambiguity. Any life insurance provided under an employer's policy at the time of the stipulation is covered.

*Id.* at 1084. Such is the case here. The Judgment of Divorce specifies the plan as the "life insurance policies through their employment." Jeannie's Mot., Ex. 1 at 13. The Judgment of Divorce also specifies Travis's employment as "Visteon, in Saline, Michigan." *Id.* at 5. The Court concludes that the Judgment of Divorce substantially complies with ERISA's requirements and is thus excepted from ERISA's preemption.

Rita also argues that, because Jeannie waived her right as a beneficiary in the Judgment of Divorce, the portion of the proceeds for which Jeannie was originally designated as beneficiary should be placed in a constructive trust and ultimately paid to Rita. Regardless of whether Jeannie waived her right to her portion of the proceeds, the Judgment of Divorce controls, and it designates Blake as the beneficiary. Furthermore, in her motion, Jeannie states that she makes no claim to the life insurance proceeds herself, that the proceeds should be used for the support of Travis's only child, Blake, and that the funds should be paid into the Probate Court Conservatorship for Blake. Jeannie's Mot. at ¶¶ 10, 12, & 14.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Rita Tackett's motion for summary judgment [docket entry 30] is **DENIED**, and Defendant Jeannie Brainard's motion for summary judgment [docket entry 29] is **GRANTED**.

**SO ORDERED.**

Dated:  December 2, 2005                               s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  December 5, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
     Nicole M. Clinton; Robert :J. Constan; John F. Gilhool; Francis R. Ortiz     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                            .

                                                      s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845